UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Luis M.,

Petitioner,

v.

Todd Blanche, Attorney General of the
United States; Sam Olson, Field Office
Director, St. Paul Field Office, U.S.
Immigration and Customs Enforcement;
Joel Brott, Sheriff, Sherburne County; and
Markwayne Mullin, Director of U.S.
Immigration and Customs Enforcement, in
their official capacities,

Respondents.

Civ. No. 26-3262 (PAM/DTS)

**MEMORANDUM AND ORDER**

---

This matter is before the Court on Petitioner Luis M.'s Petition for Writ of Habeas

Corpus. ("Pet." (Docket No. 1).) For the following reasons, the Court denies the Petition.

**BACKGROUND**

Petitioner is a citizen of Ecuador. (Id. ¶ 14.) He entered the United States without

inspection and claims to have lived in the country since 2004. (Id.; see Decl. of Pierce A.

Quinn (Docket No. 8) Ex. D at 3 (indicating that Petitioner was arrested in Hennepin County

in November 2004).) In July 2014, Petitioner was convicted of driving without a license,

driving an uninsured vehicle, and driving at a speed greater than reasonable. (Quinn Decl.

Ex. D. at 3.)

On January 15, 2026, Respondents served Petitioner with a Notice to Appear charging

him as an alien present in the United States who has not been admitted or paroled and lacking

any valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document.  (Id. Ex. A at 4.)  On February 12, 2026, ICE released him on bond.  (Pet. ¶ 16; Quinn Decl. ¶ 5; id. Ex. D. at 2.)

On July 6, 2026, Petitioner was arrested on probable cause of driving while intoxicated, and the case remains pending.  (Pet. ¶ 15; Quinn Decl. ¶ 6.)  Local law enforcement informed ICE of Petitioner's presence at the Anoka County Jail, so ICE lodged a detainer for his arrest indicating that he is subject to detention and that he poses a risk to public safety.  (Quinn Decl. ¶¶ 6–7; id. Ex. B.)  ICE also issued an I-200 Warrant for Arrest.  (Id. ¶ 7; id. Ex. C.)  On July 8, 2026, an ICE officer served the warrant on Petitioner at the Anoka County Jail and took him into ICE custody.  (Pet. ¶ 16; Quinn Decl. ¶ 8; id. Ex. D at 2.)  He remains in Respondents' custody at the Sherburne County Jail in Elk River, Minnesota.  (Pet. ¶¶ 7, 10, 12, 18.)

**DISCUSSION**

Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, asking the Court to order his immediate release.  The Petition alleges Respondents violated Petitioner's constitutional rights and the Administrative Procedure Act.  Respondents contend that his detention is mandatory pending removal proceedings under § 1225(b)(2).

Under § 1225(b)(2)(A), if an immigration officer inspects an "applicant for admission" and determines that he is not clearly entitled to stay in the United States, the alien's arrest and detention are mandatory.  8 U.S.C. § 1225(b)(2)(A).  That is precisely what occurred here. Petitioner's detention is thus mandatory.  See Avila v. Bondi, 170 F.4th 1128, 1136 (8th Cir. 2026) (explaining that "§ 1225(b)(2)(A) mandates the detention of unadmitted aliens already present inside the United States").

2

Detention "pursuant to a constitutionally legitimate statute promulgated by Congress is not a due process violation." Brayam G. v. Easterwood, Civ. No. 26-1985, at *3–4 (D. Minn. April 15, 2026) (Traynor, J.). Although Petitioner argues that the process set out in § 1225(b) is constitutionally inadequate, he received the process he is due. Therefore, Petitioner's due process claims are without merit.

Petitioner's remaining claims fare no better. Section § 1225(b)(2) contains no warrant requirement, but, even so, Respondents served him with a Form 1-200 Warrant of Arrest. His claim as to an unlawful arrest thus fails. Finally, because Respondents acted lawfully in in arresting and detaining Petitioner, they did not violate the Administrative Procedure Act ("APA"). See 5 U.S.C. § 706(2)(D) (when evaluating an APA claim, a "reviewing court shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be . . . without observance of procedure required by law.").

The Court concludes that Petitioner is not entitled to the habeas relief that he seeks, and thus denies his Petition.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that:**

1.    The Petition (Docket No. 1) is **DENIED**; and

2.    This action is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  August 11, 2026                                    s/ Paul A. Magnuson
                                                              Paul A. Magnuson
                                                              United States District Court Judge